UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| UNICATCH INDUSTRIAL CO., and TC INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> ROMP COIL NAILS INDUSTRIES INC., <br><br> Consolidated Plaintiff, <br><br> and <br><br> PRIMESOURCE BUILDING PRODUCTS, INC., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> MID CONTINENT STEEL & WIRE, INC., <br><br> Defendant-Intervenor | Consol. Ct. No. 20-00079 |

REPLY BRIEF OF PLAINTIFF-INTERVENOR PRIMESOURCE BUILDING PRODUCTS, INC. IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to Plaintiff-Intervenor
PrimeSource Building Products, Inc.*

Dated: May 21, 2021

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................... ii
SUMMARY OF ARGUMENT ............................................................................................ 1
ARGUMENT ........................................................................................................................ 2
CONCLUSION ..................................................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

Yangzhou Bestpak Gifts & Crafts Co. v. United States, 716 F.3d 1370 (Fed. Cir. 2013) ............. 2

**Statutes**

19 U.S.C. § 1673d .................................................................................................................... 1

**Other Authorities**

Certain Steel Nails From Taiwan: Final Results of Antidumping Duty Administrative Review and Determination of No Shipments; 2017– 2018, 85 Fed. Reg. 14,635 (Dep't of Commerce Mar. 13, 2020) ........................................................................................................................ 1

In accordance with Rules 56.2 and 81 of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenor PrimeSource Building Products, Inc. ("PrimeSource") replies to the response briefs of Defendant United States and Defendant-Intervenor Mid Continent Steel & Wire, Inc. See Def.'s Resp. to Pls.' Mot. and Consolidated Pls.' Mot. for J. upon the Agency R. (Feb. 10, 2021), ECF No. 43; Def.-Intervenor Mid Continent Steel & Wire, Inc.'s Resp. Br. (Mar. 26, 2021), ECF No. 44.[1]

## SUMMARY OF ARGUMENT

In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, PrimeSource submits this reply brief to concur with and incorporate by reference the arguments presented in the reply briefs filed by Plaintiffs Unicatch Industrial Co., Ltd. and TC International, Inc. (collectively, "Unicatch") and Consolidated Plaintiff Romp Coil Nails Industries Inc. ("Romp"). See Pls' Reply to Def. and Def.-Intervenors Resp. to Pls' Mot. for J. on the Agency R. (May 7, 2021), ECF No. 47 ("Unicatch Reply Br."); Letter in Lieu of Reply Br. (May 7, 2021), ECF No. 45 ("Romp Reply Letter"). If there are changes to Unicatch's antidumping rate on remand, then pursuant to 19 U.S.C. § 1673d(c)(5), the Department of Commerce ("Commerce") must recalculate the antidumping rate for the all-others rate companies, Hor Liang Industrial Corp. ("Hor Liang") and Romp, to ensure liquidaton of litigant PrimeSource's imports from those exporters in accordance with the Court's final judgment. See Certain Steel Nails From Taiwan: Final Results of Antidumping Duty Administrative Review and Determination of No Shipments; 2017– 2018, 85 Fed. Reg. 14,635, 14,636 (Dep't of Commerce Mar. 13, 2020) (P.R. 233) (assigning Hor Liang and Romp a separate rate based on the weighted

---

[1] All references to parties' briefs and record documents are to the nonconfidential/public version unless otherwise noted.

1

average of the rates assigned to Liang Chyuan Industrial Co., Ltd./Integral Building Products Inc., PT Enterprise, Inc./Pro-Team Coil Nail Enterprise, Inc. and Unicatch).

## ARGUMENT

PrimeSource concurs with and incorporates by reference the arguments presented by Plainitff Unicatch in its reply brief and and Consolidated Plaintiff Romp in its letter in lieu of a reply brief. In particular, PrimeSource agrees with and incorporates the following arguments presented by Unitcatch and Romp:

(1) Commerce's determination to calculate normal value based on home market sales prices, rather than constructed value, was not based on substantial evidence and was otherwise not in accordance with law because Commerce's normal practice led to an unreasonable result that was not in accordance with Commerce's duty to "calculate dumping margins as accurately as possible." Unicatch Reply Br. at 1-5 (quoting Yangzhou Bestpak Gifts & Crafts Co. v. United States, 716 F.3d 1370, 1378 (Fed. Cir. 2013)).

(2) Commerce's calculation of freight revenue was not based on substantial evidence and was otherwise not in accordance with law because Commerce failed to include payment of antidumping duty ("ADD") cash deposits by Unicatch's customer to Unicatch as a component of gross unit price where Unicatch expressly informed Commerce that its customers reimbursed Unicatch for ADD cash deposits as reported in Unicatch's Section C response. See Unicatch Reply Br. at 5-8.

(3) Commerce's decision to exclude steel wire rod purchased from Unicatch's affiliated trading company, while including an above-market purchase price from its unaffiliated venders, when calculating "TOTCOM" for Unicatch's purchases of steel wire rod was not

based on substantial evidence and was otherwise not in accordance with law.  <u>See</u> <u>id.</u> at 8-9.

(4) Commerce's calculation of the all-others rate for non-individually examined companies, using the erroneously calculated the dumping margin for Unicatch, was not based on substantial evidence and was otherwise not in accordance with law.  <u>See</u> Romp Reply Letter at 1 (incorporating by reference Mem. in Supp. of Consolidated Pl. Romp Coil Nails Industries Inc. Rule 56.2 Mot. for J. Upon the Agency R. at 6 (Oct. 15, 2020), ECF No. 36).

## CONCLUSION

The Final Results were not supported by substantial record evidence and were otherwise not in accordance with law.  The Court should grant PrimeSource's motion for judgment on the agency record and remand the Final Results to Commerce for a determination in accordance with the points of law outlined above and discussed in depth in the Rule 56.2 briefs filed by PrimeSource, Unicatch and Romp and as set forth above.

Respectfully submitted,

<u>/s/ Jeffrey S. Grimson</u>
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to PrimeSource Building Products, Inc.*

Dated: May 21, 2021

# Certificate of Compliance with Chambers Procedure 2(B)(1)

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures as modified by this Court's Scheduling Order. See Scheduling Order at 2 (July 17, 2020), ECF No. 34. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 706 words. This brief thus complies with the Standard Chambers Procedures, as modified by the Scheduling Order, which permits briefs of 5,000 words or fewer.

Dated: May 21, 2021

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Jill A. Cramer
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to Plaintiff-Intervenor*
*PrimeSource Building Products, Inc.*